UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

RANDOLPH GEORGE,

                    Plaintiff,                           **COMPLAINT**

           -against-

THE CITY OF NEW YORK,                   JURY TRIAL DEMANDED
POLICE OFFICER JOEL CUMMINGS (Tax 920171),
and JOHN DOES 1-6,

                    Defendants.

-----------------------------------------------------------------X

Plaintiff, RANDOLPH GEORGE, by and through his attorneys, **LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully

shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, RANDOLPH GEORGE, seeks relief for

the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

§§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to

the United States Constitution, and of rights secured under the laws and Constitution of

the State of New York.  The plaintiff seeks damages, both compensatory and punitive,

affirmative and equitable relief, an award of costs, interest and attorney's fees, and such

other and further relief as this Court deems equitable and just.

## NOTICE OF CLAIM

2. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90

days of the events complained of herein.  More than 30 days have elapsed since the filing

of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

1

3.  That Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing and this action is commenced within one year and ninety days from the date of the incident.

## JURISDICTION

4.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

5.  Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6.  The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

7.  Venue herein is proper for the United States District Court for the EASTERN District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY TRIAL DEMAND

8.  Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

## PARTIES

9.  Plaintiff, RANDOLPH GEORGE, is an adult and at all times hereinafter mentioned is a citizen of the United States residing in Kings County, City and State of New York.

10. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

12. Defendant POLICE OFFICER JOEL CUMMINGS is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendant Cummings was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK.

13. Defendants JOHN DOES 1-6, are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. The defendants were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK.

14. The defendants were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police

Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The defendants are sued herein in their official and individual capacities.

## STATEMENT OF FACTS

15. On October 5, 2012 (the "date of the arrest"), at approximately 9:45 p.m., plaintiff, RANDOLPH GEORGE, was lawfully walking with his wife on Eastern Parkway near Rochester Avenue in Kings County, City and State of New York (the "location").

16. At this time Odessa (a/k/a Naleema) Simpson, a crossing-guard employed by the City of New York, began harassing, threatening and taunting plaintiff and his wife.

17. Ms. Simpson was with a group of several males who followed and continued to taunt and threaten plaintiff and his wife as they walked on Eastern Parkway toward Rochester Avenue.

18. Plaintiff and his wife were not engaged in any suspicious or illegal activity, and were in fact on their way to pick up plaintiff's daughter and her grandmother's house.

19. At about 10:00 pm, plaintiff and his wife turned onto Rochester Avenue between Eastern Parkway and Union Street, Kings County, City and State of New York (the "scene of the arrest").

20. Defendant Cummings and one of the Doe defendants arrived on scene, on duty, and in an NYPD vehicle with Ms. Simpson in the backseat of the car.

21. Upon information and belief, Ms. Simpson and Mr. Cummings are and were, at the time of this incident, involved in a romantic relationship.

22. Without any legal basis or justification for doing so, defendant Cummings stopped and

exited his vehicle with his gun drawn.

23. Without any legal basis or justification for doing so, defendant Cummings approached plaintiff with his gun drawn and detained him.

24. There was no reason or legal justification for the defendants to approach plaintiff, since no one had called "911" or requested NYPD presence at the scene, and since plaintiff was not involved in an illegal or suspicious activity.

25. Upon information and belief, the individual NYPD defendants were not called to the scene by any complaining witness.

26. Rather, upon information and belief, Ms. Simpson, an employee of the City of New York, enlisted her boyfriend, defendant Cummings, to arrest plaintiff because of unjustified personal animus she has towards him.

27. It was objectively unreasonable for defendant Cummings and for any of the other individual defendants to arrest plaintiff, because no one had made any allegations of criminal activity against plaintiff. If indeed, such allegations were made, there was no corroborating physical evidence of any criminal activity having been committed by plaintiff.

28. Despite the absence of allegations made against plaintiff and/or absence of physical evidence corroborating any alleged criminal activity on the part of plaintiff, the defendants detained and arrested plaintiff.

29. If indeed Ms. Simpson had made a complaint against plaintiff, the individual NYPD defendants took no steps to confirm the allegations against plaintiff, failed to interview witnesses at the scene, and/or improperly recorded statements given by witnesses on behalf of the plaintiff.

30. Accordingly, it was unreasonable for the individual NYPD defendants to entertain any such allegations made by Ms. Simpson.

31. Despite this lack of physical evidence, the individual NYPD defendants later used these false and uncorroborated statements of Ms. Simpson and defendant Cummings to justify plaintiff's arrest.

32. Upon information and belief, defendant Cummings and the first Doe defendant, believed to be defendant Cummings' partner, are not assigned to patrol the area of the scene of the arrest.

33. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants searched plaintiff.

34. The search yielded no evidence of any drugs, guns, or contraband.

35. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants applied excessively tight handcuffs to the plaintiff.

36. While at the scene of the arrest, John Does 2 and 3 arrived on scene in plain clothes in an unmarked NYPD vehicle.

37. While at the scene, two additional marked NYPD vehicles arrived; one containing a member of the New York City Police Department believed to be a Lieutenant, and the other containing two additional members of the New York City Police Department.  All were on duty and in uniform.

38. At all times, plaintiff complied with each defendants' requests.

39. Plaintiff was eventually taken to a local area precinct believed to be the 71st Precinct where he was held in handcuffs for several hours.

40. While plaintiff was at the precinct, his wife arrived with the contact information for

plaintiff's lawyer.

41. Plaintiff's wife asked the defendants to call plaintiff's lawyer so that he could speak to his lawyer.

42. The defendants refused to call plaintiff's lawyer and forced plaintiff's wife to leave the precinct.

43. Plaintiff was eventually transported to Kings County Central Booking where he was held for several more hours before his charges were dismissed and he was released.

44. The decision to arrest and detain plaintiff was objectively unreasonable under the circumstances.

45. That the acts and conduct constituting the false arrest and false imprisonment of plaintiff consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

46. That plaintiff was conscious of the false arrest and confinement.

47. Plaintiff was arrested, detained, and plaintiff was arraigned, pursuant to false information and allegations supplied by the defendants, or made on the basis of allegations supplied by the defendants.

48. The factual allegations sworn to by the defendants against plaintiff were materially false and deliberately made to justify the illegal search and arrest perpetrated by the defendants

against plaintiff.

49. It was objectively unreasonable for the defendants to arrest the plaintiff, as there was no evidence that he had engaged in any unlawful conduct.

50. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

51. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the aforementioned conduct engaged in against the plaintiff.

52. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct engaged herein as required.

53. That at all relevant times mentioned herein, the defendants were on duty and acting within the scope of their employment, and under color of law and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION

54. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, the individual defendants, individually and collectively, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiff to be unlawfully

8

subjected to unreasonable false arrest, and caused damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

56. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION

57. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

58. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants named herein, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

59. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual and Doe defendants named herein, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, battery and assault and sustain a false arrest, thereby permitting the individual defendants to be in a position to violate plaintiff's rights.

60. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers,

9

acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

61. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

62. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

63. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its

NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrests.

64. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

    a. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    b. Discouraging police officers from reporting the corrupt or unlawful acts of others;

    c. Retaliating against officers who report police misconduct; and

    d. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

65. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

    a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c. *Zabala v. City of New York,* 37711/2010 (Sup. Ct. Kings Co.);

    d. *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

g. *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (S.D.N.Y.);

h. *Carmody v. City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i. *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent v. City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

44. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008

(E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

45. It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

46. As a direct result of defendants' actions, plaintiff suffered a denial of their federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

47. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury, physical injury and

12

emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION

48. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

49. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

50. On October 5, 2012 at the aforementioned location, plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

51. That on or about October 5, 2012, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

52. That the acts and conduct on the part of the individual defendants, individually and collectively, constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully arresting plaintiff

13

and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

53. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

54. That the plaintiff was conscious of the confinement.

55. That as a direct, sole and proximate result of the false arrest, and imprisonment, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

56. By the individual and collective actions described above, the individual defendants and THE CITY OF NEW YORK caused plaintiff to be falsely arrested and/or falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

57. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION

58. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59. Defendants negligently caused emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR AN FIFTH CAUSE OF ACTION

61. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

62. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN SEVENTH CAUSE OF ACTION

64. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

65. Defendants negligently caused emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to

the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

67. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  The convening and empanelling of a jury to consider the merits of the claims herein;

    d.  Costs and interest and attorneys' fees;

    e.  Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       June 6, 2013

                                 Respectfully submitted,

                                 **LAW OFFICES OF MICHAEL S.**
                                 **LAMONSOFF, PLLC**
                                 *Counsel for the Plaintiff*

                                 By:     JESSICA MASSIMI (JM-2920)
                                       80 Maiden Lane, 12th Floor
                                   New York, New York 10038
                                   (212) 962-1020